YARRUT, Judge.
John Scheuermann brought suit individually and on behalf of his minor daughter against Allstate Insurance Company, Virgin S. DeGeorge, Shirley S. McCune and Morris J. Price, for injuries sustained by his daughter as the result of a “chain reaction” automobile collision. On December 9, 1966, on motion of Plaintiff, the suit was dismissed with prejudice against Virgin S. DeGeorge, Shirley S. McCune and Morris J. Price, reserving only Plaintiffs claim against Allstate Insurance Company.
On December 30, 1966, twenty-one days after dismissal of the suit, Shirley S. Mc-Cune brought a third-party demand against Morris J. Price and his insurer, Fireman’s Fund Insurance Company, for both property and personal injury damages.
On January 26, 1967 Government Employees Insurance Company, Miss Mc-Cune’s subrogated insurer, intervened to recover the sum it paid Miss McCune for her automobile damages. To both the third-party demand and the intervention, Mr. Price and Fireman’s Fund filed exceptions of no cause or right of action. These exceptions were maintained by the Trial Court. Only Government Employees Insurance Company appealed.
It was agreed by both counsel before this Court that the appeal from the dismissal of Government Employees intervention was not before us, but is the subject of another appeal. Therefore, we have before us only the question of Miss Mc-Cune’s right to bring a third-party action against Mr. Morris and his insurer.
After the dismissal of the suit against them both, we find that Miss McCune had no right to bring a third-party action for two reasons:
(1) LSA-C.C.P. Art. 1111, provides the following:
“The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.”
Clearly in her petition Miss McCune did not ask for contribution but made a main demand for damages, independent of those for which she might be cast.
(2) Because by its very nature a third-party demand is dependent on the original suit, Miss McCune had no right to bring such an action after the suit against her had been dismissed.
However, Government Employees argues that Miss McCune mislabeled her suit which was in reality a main demand. However, we hold that, because the original suit against Miss McCune and Mr. Morris had been dismissed with prejudice, it was in effect res adjudicata as to them, and no other demand could be filed by them in the same suit.
LSA-C.C.P. Art. 1673 provides that a judgment of dismissal with prejudice “shall have the effect of a final judgment of absolute dismissal after trial * *
If Miss McCune wished to assert a main demand against Mr. Morris and his insurer, she should have brought the action in a separate suit, not one that was no longer viable as to her and Mr. Morris.
For the above reasons, the judgment maintaining the exceptions of no cause or right of action to Miss McCune’s third-party demand is affirmed. Government Employees is to pay all costs in both Courts.
Affirmed.